**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

| | |
|---|---|
| IN RE: AFLIBERCEPT PATENT LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br>*Regeneron Pharmaceuticals, Inc. v. Amgen Inc.*,<br>Case No. 1:24-cv-39-TSK<br>Case No. 1:25-cv-74-TSK | MDL No. 1-24-md-3103-TSK |

**DECLARATION OF TREVOR CROSSE**

I, Trevor Crosse, make the following Declaration based on personal knowledge of the matters set forth herein. I have personal knowledge of the facts set forth in this declaration, and if called upon I could and would testify competently to the following:

1. I am a partner at Osborne Clarke LLP (1 London Wall, London, EC2Y 5EB, United Kingdom) and counsel for Amgen Inc. I am admitted as a Solicitor of the Senior Courts of England and Wales and am regulated by the Solicitors Regulation Authority (SRA No 415019).

2. Attached hereto as Exhibit A is a true and correct copy of the April 7, 2025 First Expert Report of Professor Hovhannes John Gukasyan ("First Gukasyan Report") served by Defendants Regeneron Pharmaceuticals, Inc. and Bayer Healthcare LLC in *Formycon AG et al., v. Regeneron Pharmaceuticals, Inc. and Bayer Healthcare LLC*, Claim Nos. HP:2024-000015 & HP-2024-000036 (High Court of Justice, Business and Property Courts of England and Wales, Intellectual Property List (ChD) Patents Court). This was a patent litigation proceeding involving European Patent (UK) Nos. 2 364 691 B1 and 2 944 306 B1. Professor Gukasyan appeared as an expert witness on behalf of Regeneron and Bayer in the aforementioned UK patent proceeding. A&O Shearman Sterling LLP ("A&O Shearman") acted as the solicitors of record for both Regeneron and Bayer.

3. Attached hereto as Exhibit B is a true and correct copy of the May 12, 2025, Second Expert Report of Professor Hovhannes John Gukasyan ("Second Gukasyan Report"), which was also served in the aforementioned UK patent proceeding.

4. Attached hereto as Exhibit C is a true and correct copy of Regeneron and Bayer's Trial Skeleton Argument ("Regeneron's Skeleton Argument"), dated June 5, 2025, from the aforementioned UK patent proceeding. Trial skeleton arguments are briefs made to the High Court shortly before a hearing and are intended to provide the court with a succinct, factual and legal overview of the party's arguments in respect of the issues in dispute. Regeneron's Skeleton Argument relies on both the First and Second Gukasyan Reports throughout.

5. The UK Supreme Court ("UKSC") confirmed in *Cape Intermediate Holdings Ltd v Dring* that *"the default position is that the public should be allowed access, not only to the parties' written submissions and arguments, but also to the documents which have been placed before the court and referred to during the hearing"* [2019] UKSC 38 (July 29, 2019). This is usually effected by a party making a request for the relevant documents to the solicitors acting for party relying on the documents. Unless there are good countervailing reasons why the documents should not be provided, the solicitors will usually provide copies of the documents to the requesting party. If the documents are not voluntarily provided, the requesting party can seek a court order that they be provided to them. The UKSC acknowledged that confidentiality may in some cases be a legitimate reason for a party to withhold access to certain documents. However, in such circumstances, the solicitors for the party relying on the document(s) will typically provide redacted versions with the confidential information obscured.

6. At my request, on June 3, 2025, a Trainee Solicitor in my team (Sheeren Younis) sent a letter to A&O Shearman by email, requesting non-confidential copies of its clients' skeleton argument for trial, and all expert reports and witness statements served on behalf of the Defendants.

7. On June 9, 2025, Jess Jiang, a Trainee Solicitor at A&O Shearman, responded by email attaching a copy of Regeneron's Skeleton Argument and explaining that the Defendants' expert reports would be shared via Aspera (a file sharing site) due to file size. A separate email containing the Aspera download link arrived the same day. The documents available for download on that link included the First Gukasyan Report and the Second Gukasyan Report. The documents were downloaded by an Associate in my team (Ethan Plumb). Upon reviewing the documents, a member of my team observed that some content in the Second Gukasyan Report was highlighted. At my request, Ethan Plumb emailed A&O Shearman to ask if this was intentional.

8. A&O Shearman (Jiang) responded by email that the highlighted version of the Second Gukasyan Report had been shared in error. A clean copy of the Second Gukasyan Report without the highlighting was attached to that email.

9. I attest that the versions of the First Gukasyan Report, the Second Gukasyan Report, and Regeneron's Skeleton Argument contained in Exhibits A-C were provided to my firm without any confidentiality obligations or restrictions.

10. I attest that the copies of the First Gukasyan Report, the Second Gukasyan Report, and Regeneron's Skeleton Argument, contained in Exhibits A-C, are true and correct copies of these materials as received from Regeneron's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of August 2026 in London, United Kingdom.

Trevor Crosse