# EXHIBIT 3

LAW OFFICES
WILLIAMS & CONNOLLY LLP®
680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

DAVID I. BERL
(202) 434-5491
dberl@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 3, 2026

Via Email

John R. Labbé
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
Suite 6300
Chicago, IL 60606-6357
jlabbe@marshallip.com

Re: *Regeneron Pharmaceuticals, Inc. v. Amgen Inc.*, Nos. 1:24-cv-00039-TSK and 1:24-cv-00074-TSK (N.D.W. Va.)

Dear Counsel:

We write to further our discussion and understanding of the parties' dispute regarding the construction of "wherein the liquid ophthalmic formulation is suitable for intravitreal administration" in Regeneron's asserted U.S. Patent 12,331,099 (the "'099 patent").

After our meet-and-confer on July 24, it was Regeneron's understanding that the parties agreed there may not be a dispute as to the construction of "wherein the liquid ophthalmic formulation is suitable for intravitreal administration" and that the parties agreed to exchange clarifications to their proposed constructions in the hopes that an agreement on construction could be reached.

On July 28, Regeneron sent Amgen its clarifications to Regeneron's proposed construction. *See* July 28, 2026 Email from D. Berl. Regeneron proposed the clarification that the term "suitable for intravitreal administration" refers to the claimed composition, not only the ingredients and amounts thereof in isolation. It requires only that the composition may be administered intravitreally and does not impose functional requirements such as stability.

Amgen responded that it did not agree with Regeneron's position but has yet to provide any additional information clarifying Amgen's position. *See* July 30, 2026 Email from J. Labbé; July 31, 2026 Email from J. Labbé. As we have previously explained, without this additional clarifying information, the parties cannot meaningfully attempt to resolve the differences in their

constructions or present their disputes to the Court for resolution. *See* July 31, 2026 Email from D. Berl.

So that our conferral on Tuesday, August 4, can be productive and provide Regeneron with the information necessary to attempt to resolve or respond to the dispute, please come prepared to answer the following questions:

- Amgen has indicated that it disagrees with Regeneron's compromise construction because it indicates that the term "suitable for intravitreal administration" does not include functional requirements like stability. What requirements, if any, does Amgen assert that the term "suitable for intravitreal administration" requires?

- What functional requirements, if any, that are expressly referenced in the specification of the '099 patent does Amgen contend this term requires?

- What functional requirements, if any, that are not expressly referenced in the specification of the '099 patent does Amgen contend this term requires?

- Does Amgen contend the term requires any analytical testing to determine whether it is met? If so, which test(s)?

- Does Amgen contend the term requires an excipient buffer?

Sincerely,

*/s/ David I. Berl*

David I. Berl